UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WS PACKAGING GROUP, INC.,

        Plaintiff,

v.                                     Case No. 06-C-674

GLOBAL COMMERCE GROUP, LLC,

        Defendant.

**DECISION AND ORDER DENYING MOTION TO DISMISS**

Plaintiff WS Packaging Group, Inc. ("WS") brought this action for declaratory relief against Defendant Global Commerce Group, LLC ("Global") seeking a determination that WS is not infringing on Global's patent for internet game pieces, U.S. Patent No. 6,406,062 ("the '062 patent"). The case is presently before the court on Global's third motion to dismiss. For the reasons set forth below, Global's motion will be denied.

**BACKGROUND**

The facts giving rise to the case are set forth in my previous decisions and will not be repeated here, except to note that both WS and Global create and sell Internet game pieces. The game pieces are used in advertising programs and sales promotions for other companies. Fearing that Global intended to sue for infringement of the '062 patent, WS brought this action for declaratory relief. Global sought dismissal on the ground that the evidence of an actual case or controversy was insufficient to warrant this court's exercise of jurisdiction. That motion was denied

by order of September 6, 2006. Global then crafted a waiver of infringement claims, set forth in its second motion to dismiss, which read as follows:

> Global Commerce Group, LLC hereby waives any right which it may presently have or which it may have had to date, and it hereby unconditionally agrees to not sue WS Packaging, Inc., for infringement of any claims of U.S. Patent No. 6,406,062 as it presently reads based on any product which was manufactured, used, sold, or imported by WS Packaging through the date on which this waiver is filed in court.

(Second Mot. Dismiss. at 1-2, Dkt #18.) In its brief supporting the motion, Global emphasized it did not intend the waiver to extend to any future claim Global may have against WS for infringement of the '062 patent based on "any product made, used, sold, or imported." (Def.'s Br. In Supp. at 3, Dkt. #18.) I found that the waiver did not remove WS's reasonable apprehension of suit because it did not extend to future infringement suits based on WS's ongoing production of allegedly infringing game pieces. Global's second motion to dismiss was therefore denied, by order of October 23, 2006.

Global has moved the court to dismiss the action a third time, based on a newly crafted waiver:

> Global Commerce Group, LLC hereby waives any right to sue WS Packaging, Inc. ("WS"), for infringement of any claim of U.S. Patent No. 6,406,062 as it presently reads based on any product which was, or hereafter is, manufactured by WS. This waiver is expressly provided solely to WS, without any right to pass on or otherwise sublicense the same to others.

(Third Mot. Dismiss at 1-2, Dkt #29.) In its third motion to dismiss, Global notes that the parties' covenant not to sue is still in effect as well. The covenant is part of the settlement agreement that emerged after an earlier licensing dispute between the parties.[1] Section 21 of the covenant reads:

---

[1] This dispute led to separate lawsuits between the parties in Georgia and Wisconsin, which were settled in December of 2005. The parties' licensing agreement and business relationship also ended at that time.

2

> The parties agree not to institute any action, proceeding or arbitration against the other based upon any claims, obligations or liabilities released and discharged above, or the use of any manufacturing technology (whether methods, apparatus, or know-how) currently in use by each respective party, except as provided in this Settlement Agreement.

(Third Mot. Dismiss at 2, Dkt #29.) Global argues that the cumulative effect of the revamped waiver and extant covenant is that Global has abandoned any right to sue WS for infringement of the '062 patent, and thereby has removed any case or controversy.

WS counters that the latest waiver is one step forward, but two steps back—that is, the waiver addresses the lacuna mentioned in the court's order of October 23, 2006, but unlike the prior waiver, permits Global to sue WS's customers for patent infringement. In WS's view, the practical, net effect is that it cannot sell its allegedly non-infringing product without subjecting its customers to the threat of litigation for patent infringement. Furthermore, WS avers that Global has threatened its customers with infringement suits if they purchase WS's game pieces, and that one such customer, Communifax, thereafter demanded that WS agree to defend and indemnify it against any infringement claims brought by Global. (Reply Br. at 6; Decl. of William Challoner ¶ 7, Dkt. #32.) WS agreed to the demand. (Reply Br. at 6.)

## ANALYSIS

The case is before me on a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In reviewing the plaintiff's complaint in regard to any motion to dismiss, the court is to assume all well-pleaded facts are true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). In deciding a 12(b)(1) motion, however, the court may consider

3

the question of jurisdiction on the basis of evidentiary matters presented by affidavit or otherwise. *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2nd Cir. 1976); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). Where the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. *Grafon*, 602 F.2d at 783 (citations omitted).

Global contends that dismissal is proper because, in the wake of Global's waiver[2] and the parties' covenant not to sue, no actual controversy exists. The Declaratory Judgment Act, in accordance with Article III of the Constitution, requires the existence of an actual controversy between the parties before a federal court can constitutionally assume jurisdiction. *See* 28 U.S.C. § 2201(a). The Federal Circuit, whose precedent governs matters of substantive patent law in this court, *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 475 (Fed. Cir. 1991), has articulated a two-part test for determining whether an actual controversy exists in declaratory judgment actions involving patents.[3] First, the defendant's conduct must have created in the plaintiff an objectively "reasonable apprehension that the defendant will initiate suit if the plaintiff continues the allegedly infringing activity," and second, the plaintiff must have either actually produced the device or have prepared to produce it. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988)

---

[2] Global's promise not to pursue an infringement claim is binding even though the promise is expressed in a motion, rather than memorialized in a covenant. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995*).*

[3] WS argues that the United States Supreme Court recently set forth a new jurisdictional test for declaratory judgment actions in *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, No. 05-608, 2007 WL 43797 (U.S. Jan. 9, 2007). However, I do not read *MedImmune* so broadly. *See* discussion *infra*.

4

(citing *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 955 (Fed. Cir. 1987). Only the first criterion is at issue here. Where, as here, the defendant has not made an express charge of infringement, a court must consider the totality of the circumstances in determining whether the plaintiff has an objectively reasonable apprehension of suit. *Arrowhead*, 846 F.2d at 736 (citing *Goodyear Tire*, 824 F.2d at 955).

As Global has waived any right to sue WS regarding the '062 patent, the central issue is whether WS's purported apprehension that its *customers* will be sued, satisfies the first criterion for declaratory judgment jurisdiction. The Federal Circuit recently took up this issue and concluded that economic harm alone (e.g., loss of customers) does not constitute reasonable apprehension of suit. *Microchip Tech., Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006). Rather, reasonable apprehension of suit under the Declaratory Judgment Act requires the threat of legal harm to the plaintiff. *Id.* In other words, there must be either an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring had not the plaintiff preempted it, or, alternatively, a legal relationship (such as an indemnification agreement) between the plaintiff and a customer having a legal interest adverse to the defendant. *Id.*

WS claims Global has threatened its customer Communifax with an infringement suit for purchasing WS's game pieces, and that WS has agreed to defend and indemnify Communifax against any infringement claims brought by Global. In these circumstances, the threat of legal harm to WS has not been removed by Global's waiver (in combination with the extant covenant not to sue). While Global has abandoned any right to sue WS for infringement of the '062 patent, Global's right to sue Communifax for infringement, in light of the indemnification agreement, establishes

5

WS and Global as parties with "adverse legal interests." *Id.* at 942. In short, the threatened harm WS faces from Global is legal, and not merely economic.

Global attacks the basis of WS's alleged indemnification agreement with Communifax, and also challenges the basis of Global's alleged threats to WS's customers, noting that such threats are not alleged in WS's complaint nor supported by an affidavit from any of the allegedly threatened customers. But the fact that WS did not allege that threats had been made to its customers and that it had agreed to indemnify Communifax in its complaint is hardly surprising since Global had not yet asserted its willingness to waive its infringement claim against WS in order to have the action dismissed. And while affidavits filed in opposition to a motion for summary judgment must be based on personal knowledge, contain admissible facts, and make an affirmative showing of competency, Fed. R. Civ. P. 56(e), WS is responding to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), cannot be converted into a motion for summary judgment. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1366 at 146-47 (2004). Thus, Rule 56(e) is not applicable.

I therefore conclude that under a "totality of the circumstances" analysis, there is sufficient evidence of Global's threats to WS's customers, such as Communifax, to withstand Global's motion to dismiss. Again, because of WS's indemnification agreement with Communifax, a threat by Global to sue Communifax for buying allegedly infringing game pieces from WS exposes WS to legal harm. Given my conclusion that Global's most recent motion fails, there is no reason to address WS's argument that *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, No. 05-608, 2007 WL 43797 (U.S. Jan. 9, 2007), establishes a new jurisdictional test for declaratory judgment actions.

6

Case 1:06-cv-00674-WCG   Filed 01/24/07   Page 6 of 7   Document 38

In the wake of *MedImmune*, the Federal Circuit may reexamine its "reasonable apprehension of suit" test for declaratory judgment jurisdiction in patent cases, at least insofar as it applies the test to licensees. But whether or not it does will not affect the conclusion reached here.

## CONCLUSION

Global's waiver does not remove WS's reasonable apprehension of suit for it does not remove the threat of legal harm to WS. WS has introduced evidence of its duty to defend and indemnify its customer Communifax against any infringement action brought by Global. WS has also introduced evidence of Global's threats to Communifax, or at least sufficient evidence to put the issue in controversy. Therefore, I find that Global's latest waiver, in combination with the extant covenant not to sue, has not removed WS's reasonable apprehension of suit with respect to alleged infringement of the '062 patent.

For the above reasons, **IT IS ORDERED** that defendant's motion to dismiss (Docket #29) be hereby **DENIED.** The clerk shall set this matter back on the court's calendar for a Rule 16 scheduling conference.

**IT IS FURTHER ORDERED** that WS's motion for leave to file a sur-reply (Dkt. #35) is **GRANTED**.

Dated this ___24th___ day of January, 2007.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge