UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WS PACKAGING GROUP, INC.,

    Plaintiff,

v.                                          Case No. 06-C-674

GLOBAL COMMERCE GROUP, LLC,

    Defendant.

**ORDER**

Plaintiff WS Packaging Group, Inc. ("WS") brought this action for declaratory relief against Defendant Global Commerce Group, LLC ("Global"), seeking a determination that WS is not infringing on Global's patent for internet game pieces, U.S. Patent No. 6,406,062 ("the '062 patent"). The case is presently before the court on Global's fifth motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Unlike Global's previous motions to dismiss which were based upon lack of subject-matter jurisdiction, the present motion is based upon a covenant not to sue contained in a settlement agreement which was executed by the parties in connection with previous litigation. The covenant states:

> The parties agree not to institute any action, proceeding or arbitration against the other based upon any claims, obligations or liabilities released and discharged above, or the use of any manufacturing technology (whether methods, apparatus, or know-how) currently in use by each respective party, except as provided in this Settlement Agreement.

(Brief in Support of Motion to Dismiss, Ex. 1.) Global argues that the broad language of the covenant not to sue bars the instant litigation and seeks dismissal on that basis. In response to

Global's motion, WS claims that the motion is not timely and that it is procedurally improper. WS also argues that the motion is substantively meritless.

With respect to the question of timeliness, it appears that the parties had agreed that Global was to file its response to the complaint no later than June 25, 2007. Global elected to again seek dismissal, however and did not file its most recent motion until June 29, 2007. WS claims that Global's failure to timely file its response is by itself sufficient reason to deny its motion. I disagree. Finding no prejudice to WS resulting from the delay, I decline to deny the motion on that basis. Having filed four previous motions to dismiss, there was no doubt that Global intended to contest WS's action. Its failure to meet the deadline, while deserving of a warning that such failures in the future could result in sanctions, does not warrant denying a motion that, if successful, would avoid substantial litigation costs to both parties. Denying the motion at this point would at best only postpone addressing the issue of whether the previous agreement between the parties bars this suit. Postponing consideration of a potentially dispositive threshold issue would not serve the interests of either the parties or the court.

With respect to the procedural question, WS correctly notes that on a motion to dismiss matters outside of the pleadings are generally not to be considered. *See* Fed. R. Civ. P. 12(b). However, the rule specifically provides that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment as provided by Rule 56. All parties, however, must be given a reasonable opportunity to present material made pertinent to such motion by Rule 56. Fed. R. Civ. P. 12(b).

From my review of the briefs filed by the parties, I am unable to say that Global's motion is substantively meritless. WS argues that the covenant does not apply because its action against Global is not based on "Global's use of 'any manufacturing technology.' It is based on Global's

2

unwarranted threat to sue WS Packaging's customers for patent infringement." (Br. In Opp. at 4.) But Global's alleged threats appear more likely the motivation for the suit, not its basis. WS seeks in its action a determination by the court that the electronic game pieces it currently manufactures, and manufactured at the time the previous litigation was settled, do not infringe Global's '062 patent. Thus, it appears that WS's action may be based, at least in part, on the manufacturing technology WS was using at the time of the agreement. If, as Global concedes (Reply at 7, n.6), the covenant would bar any infringement action against WS, it may also bar an action by WS seeking a determination of noninfringement. In any event, I conclude that the issue warrants further input from counsel.

I therefore intend to treat Global's motion as one for summary judgment. And because the issue raised in Global's motion is potentially dispositive, I conclude that the court should address it before further costs are expended by the parties. Accordingly, the court hereby stays further proceedings in this matter, other than those related to the issue raised in Global's most recent motion to dismiss. WS may supplement its response to Global's motion on or before September 24, 2007, and Global may supplement its reply on or before October 1, 2007. The court will hear argument on the motion at the time previously scheduled for the *Markman* hearing on October 4, 2007, at 9:00 a.m. If the case survives, further modifications of the scheduling order will be allowed.

**SO ORDERED** this ___6th___ day of September, 2007.

                                                 s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge