UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WS PACKAGING GROUP, INC.,

      Plaintiff,

v.                                                                     Case No. 06-C-674

GLOBAL COMMERCE GROUP, LLC,

      Defendant.

**ORDER**

On October 26, 2007, plaintiff, WS Packaging Group, Inc. ("WS"), filed a motion for clarification and reconsideration of the court's October 12, 2007 decision and order granting summary judgment and dismissing this case with prejudice. WS requests that the court modify its order to clarify that the covenant precludes Global Commerce Group, LLC ("Global") from bringing suit against customers of WS, or, alternatively, vacate the judgment of dismissal.

Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 666 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). They are "not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270. Because the conditions that would justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, WS claims to present new evidence that Global has threatened a potential customer of WS since the court issued its decision.[1] It is, at least in part, because of this alleged threat that WS argues reconsideration or clarification is needed. However, whether Global has made such threats is irrelevant to the scope of the parties' covenant, which was the subject of the court's decision. Indeed, as Global points out, it was the existence of such threats that led the court to conclude that there was a justiciable controversy in the first place. I therefore decline to address it further. No other new evidence is offered.

The court's October 12th decision addressed whether the above captioned action brought by WS against Global is the type of action the parties agreed not to institute against each other when they previously entered into a covenant not to sue. The covenant states:

> The parties agree not to institute any action, proceeding or arbitration against the other based upon any claims, obligations or liabilities released and discharged above, or the use of any manufacturing technology (whether methods, apparatus, or know-how) currently in use by each respective party, except as provided in this Settlement Agreement.

(Br. Supp. Mot. Dismiss, Ex. 1.) The court held that this language applied to WS's action for declaratory relief against Global. WS sought in its action a determination that game pieces manufactured by WS did not infringe Global's '062 patent. The court concluded that WS's action was based on its manufacturing technology, its "know-how." WS sought a determination that the game pieces produced with that know-how did not infringe Global's patent. The court therefore concluded that WS's action was barred by the covenant not to sue that WS agreed to in settling its previous litigation with Global.

---

[1] Global claims that the declarations WS submitted in support of its claim that Global recently threatened a prospective WS customer include inadmissible hearsay and do not, in any event, allege that Global made such threats. (Br. Opp. Mot. Recons. 4.) Because I conclude that the allegations of threats, even if true, are not relevant to determining the scope of the covenant, I need not address the admissibility or sufficiency of the declarations.

WS now asks that the court either vacate its previous decision or "clarify" it by construing the covenant not to sue to bar Global from suing any of WS's customers for patent infringement. Failure to do so, WS argues, leaves its customers vulnerable to Global's threats and makes them less willing to do business with WS. But the object of contract interpretation is to give to the agreement the meaning that the language chosen by the parties expresses. It is not to rewrite the contract so that it reflects one party's, or even the court's, view of what would be reasonable and fair. To interpret the covenant to bar Global and WS from taking legal action against third parties would render its phrase "against the other" meaningless. As noted in the court's October 12th order, "[c]ontracts must be read in such a manner as to give a reasonable meaning to each provision and without rendering any portion superfluous." *DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd.*, 682 N.W.2d 839 (2004). The covenant does not affect the rights of either party to commence legal action against others who are not a party to the agreement.

WS argues that if the covenant permits Global to commence legal action against third party customers of WS, which could potentially result in a determination that WS infringed Global's patent, "symmetry demands" that the court vacate the judgment of dismissal and allow WS to bring its action for declaratory judgment against Global, in order to establish that WS did not. (Br. Supp. Mot. Recons. at 3.) But symmetry, however desirable in art, poetry, and music, is not a principle of contract construction. WS identifies no manifest error of law or fact in the court's October 12th order, and presents no evidence or authority to support its theory that the potential result of a legal action should determine whether it is prohibited by the covenant.

As WS acknowledges, the agreement is worded so that "what it forbids one party, it forbids the other." (Br. Supp. Mot. Recons. at 9.) Just as the covenant does not bar Global from

3

commencing legal action against third party WS customers, it does not bar those third parties from suing Global.  However, the covenant does prevent both Global and WS from instituting an action against the other based on WS's manufacture of its game pieces.  The agreement is not altered by the parties' conduct with respect to third parties.  Therefore, WS may not proceed with its action seeking declaratory judgment that the manufacture of its game pieces does not infringe Global's patent.  As the court has indicated, there are alternative legal remedies which remain available to WS if it believes Global is improperly interfering with its relationship with its customers.

  **IT IS THEREFORE ORDERED** that the motion for reconsideration is denied.

  Dated this   23rd   day of January, 2008.

                 s/ William C. Griesbach
                 William C. Griesbach
                 United States District Judge